# In the United States Court of Federal Claims

No. 25-2070
Filed: April 13, 2026

---

**ANDREA NICOLE BERRY,**

        ***Plaintiff,***

**v.**

**THE UNITED STATES,**

        ***Defendant.***

---

*Andrea Nicole Berry*, Forestville, Maryland, Pro Se Plaintiff.

*Franklin E. White, Jr.*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brett A. Shumate*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ms. Andrea Berry claims she was employed as a contractor working for the Department of Transportation, Federal Motor Carrier Safety Administration ("FMCSA") and that the FMCSA breached a contract "for the 2018 fiscal year that was signed and dated in 2017 but never honored." (Compl. at 1–2, ECF No. 1). She seeks damages of "$500,000, AFTER TAXES[.]" (*Id.* at 3 (emphasis in original)). The United States moves to dismiss these claims on grounds of *res judicata*. (Def.'s Mot. to Dismiss, ECF No. 6). Ms. Berry did not respond. (*See id.*).

A pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), however, leniency cannot be extended to relieve a pro se plaintiff of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). This burden includes a plaintiff's obligation to respond to the government's motion to dismiss. *Xing v. United States*, 2024 WL 849171 at *1 (Fed. Cl. Feb. 28, 2024). "When a plaintiff fails to respond to defendant's motions . . . dismissal is not only appropriate but required to properly administer justice." *Stollings v. United States*, 2022 WL 17333395 at *1 (Fed. Cl. Nov. 30, 2022). The Court acknowledges that dismissal is a "harsh action" particularly against a pro se litigant, but "it is justified when a party fails to pursue litigation diligently and disregards the court's rules[.]" *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). Additionally, Rule 41 instructs that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion." RCFC 41(b). Although the Court has authority to dismiss on this basis, it declines to do so and instead dismisses on the

grounds set forth below. Nevertheless, because Ms. Berry failed to respond, the Court deems the United States' Motion to Dismiss uncontested.

The United States correctly argues that Ms. Berry's claim for relief is barred under the doctrine of *res judicata*. (Def.'s Mot. to Dismiss at 5). Ms. Berry's Complaint indicated that she has not filed other lawsuits in this Court, but a review of her previous claims demonstrates otherwise. In 2025, Ms. Berry alleged in a prior case that FMCSA had breached a "contract [that] had already been drawn up and signed for me personally to support them another year (2018)." *See Berry v. United States* ("*Berry I*"), Case No. 25-1162C (Fed. Cl. July 10, 2025) (*Berry I* Compl., ECF No. 1). The Court dismissed Ms. Berry's claim as time barred. *See Berry I*, Case No. 25-1162C (Fed. Cl. Oct. 28, 2025) (*Berry I* Order at 2–3, ECF No. 12 (holding that Ms. Berry exceeded the limitations period by waiting over six years to bring the complaint and dismissing for lack of jurisdiction)).[1]

The doctrine of *res judicata*, also referred to as claim preclusion, "predicates that 'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Paalan v. United States*, 57 Fed. Cl. 15, 17 (2003) (quoting *Parlane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Specifically, a successive suit is "barred by claim preclusion if (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000). It is undisputed that the parties in both suits are Ms. Berry and the United States. (*Compare* Compl. (naming Ms. Berry as Plaintiff and United States as defendant) *with Berry I* Compl. (same)). Accordingly, the first element is satisfied.

Dismissals for lack of jurisdiction often "do not reach the merits of a claim and therefore are [typically] without prejudice to a plaintiff filing a new suit in a court with proper jurisdiction to address the merits." *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000) (citation omitted); *see also Richmond, Fredericksburg and Potomac RR Co. v. United States*, 27 Fed. Cl. 275, 286 (1992) (citation omitted) ("A dismissal for lack of subject matter jurisdiction, however, typically signifies a dismissal without prejudice."). While a dismissal for lack of subject-matter jurisdiction is not a judgment on the merits, it nonetheless carries *res judicata* effects regarding specific jurisdictional issues actually decided. *Watson v. United States*, 349 Fed. App'x 542, 544 (Fed. Cir. 2009) (citations omitted) ("A dismissal for lack of jurisdiction triggers the application of the doctrine of *res judicata* as to the jurisdictional issue."); *eVideo Inc. v. United States*, 136 Fed. Cl. 164, 172 (2018), *aff'd*, 748 F. App'x 327 (Fed. Cir. 2019) ("The Court's previous dismissal for lack of subject-matter jurisdiction triggers application of the doctrine of *res judicata*, unless plaintiffs can show that they allege additional facts in the present complaint to cure the jurisdictional defects in their prior complaint.") (citations omitted). In other words, "a jurisdictional determination may have a preclusive effect to bar matters previously litigated if the

---

[1] Ms. Berry immediately filed another Complaint on October 29, 2025, where she once again raised a breach of contract claim against FMSCA in fiscal year 2018. *Berry v. United States* ("*Berry II*"), No. 25-1846C (Fed. Cl. Oct. 29, 2025) (*Berry II* Compl., ECF No. 1). The United States moved to dismiss that case. *Berry v. United States*, No. 25-1846C (Fed. Cl. Jan. 23, 2026) (*Berry II* Def.'s Mot. to Dismiss, ECF No. 7). It remains pending.

plaintiff fails to allege additional claims to cure the jurisdictional defect in a subsequent court action." *Tindall v. United States*, 176 Fed. Cl. 339, 344 (2025), *aff'd*, No. 2025-1845, 2026 WL 60186 (Fed. Cir. Jan. 8, 2026) (citations omitted). Seeing as the substance of Ms. Berry's claims are identical to her previous filing, the decision in *Berry I* is considered final for *res judicata* purposes. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("It has long been the rule that principles of [finality] apply to jurisdictional determinations—both subject matter and personal."). Therefore, the second element is also met.

Finally, the Court will look to see if Ms. Berry's claim arises out of the same transaction as *Berry I*. A claim arises out of the same transaction when it arises from the "same operative facts" or the "same nucleus of operative facts" and "based on the same, or nearly the same, factual allegations." *Barajas v. United States*, 154 Fed. Cl. 318, 323 (2021) (citing *Jet, Inc.*, 223 F.3d at 1363). Ms. Berry's entire claim stems from an alleged breach of contract by FMCSA of a 2017 contract relating to fiscal year 2018, the same exact argument raised in *Berry I*. (*Compare* Compl. at 1–3, *with Berry I* Compl. at 2, and *Berry I* Order at 1–3). Therefore, the third element has been satisfied, and Ms. Berry's breach of contract claim is precluded.

For the reasons set forth above, the United States' Motion to Dismiss, (ECF No. 6), is **GRANTED**. This matter is **DISMISSED** because Ms. Berry cannot cure the jurisdictional defects that existed in *Berry I* and her claims are barred by *res judicata*. *See* RCFC 12(b)(1), 12(b)(6). Further, Ms. Berry has failed to prosecute her case under RCFC 41(b). Ms. Berry's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED** for the limited purpose of this dismissal. The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[2]

**IT IS SO ORDERED.**



_David A. Tapp_
DAVID A. TAPP, Judge

---

[2] The Court clarifies that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.